IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Philip A. Brimmer**

Civil Action No. 12-cv-01919-PAB

ANTHONY J. LUCERO,

      Applicant,

v.

ANGEL MEDINA, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

---

## ORDER

---

      Mr. Lucero filed an Application for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 on July 23, 2012.  After reviewing the parties' briefing on the issues of timeliness and exhaustion of state court remedies, the Court dismissed several of the claims raised in the Application in a January 28, 2013 Order [Docket No. 19]. Respondents filed an amended answer to the remaining claims on February 20, 2013 [Docket No. 22].  The deadline for Applicant to file his reply is March 22, 2013.  (*See* Docket No.19, at 19).

      The matters before the Court at this time are several motions filed by Mr. Lucero on March 18, 2013: Motion for Appointment of Counsel [Docket No. 26]; Motion for Discovery Per Habeas Rule 6 [Docket No. 27]; Motion for Enlargement of Time to File Traverse [Docket No. 28]; Request for an Evidentiary Hearing [Docket No. 29]; Motion for Free Trial Transcripts [Docket No. 30]; and Request for Funds Per Criminal Justice Act [Docket No. 31].

## A.     Motion for Free Trial Transcripts

In his Motion for Free Trial Transcripts, Applicant requests copies of "all 56 volumes in his criminal case," so that "he will be able to cite the record in his traverse." [Docket No. 30, at 1].

On direct appeal, a trial transcript is an absolute matter of right for an indigent criminal defendant.  *See Griffin v. Illinois,* 351 U.S. 12 (1956).  An applicant seeking relief under 28 U.S.C. § 2254 must first demonstrate his claim is not frivolous and that a transcript is needed to decide the issue before the court before a free transcript is provided.  *See United States v. MacCollom*, 426 U.S. 317 (1976) (plurality) (dealing with a § 2255 motion and § 753(f)); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (applying *MacCollom* to a § 2254 action).  The *MacCollom* court expressly cited to circuit court opinions that held indigent petitioners seeking collateral relief did not have unlimited access to trial transcripts.  *Ruark*, 958 F.2d at 319 (citing *MacCollom*, 426 U.S. at 327 n. 5).  In one of those cases, *Hines v. Barker,* 422 F.2d 1002 (10th Cir. 1970), the Tenth Circuit held that an indigent § 2254 applicant does not have a constitutional right to access a free transcript in order to search for error.  *Id.* at 1006-07 (distinguishing *Wade v. Wilson,* 396 U.S. 282 (1970), where the Court declined to define a § 2254 applicant's right to a free transcript).

Applicant fails to assert how his request is related to any pending claim for relief. "A habeas proceeding is not a fishing expedition."  *See Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007), *cert. denied*, 552 U.S. 1287 (2008).  The request is broad and general, lacks the specificity to support a finding of good cause, and, therefore, will be denied.

**B.     Motion for Appointment of Counsel**

Applicant asks the Court to appoint counsel to represent him in this § 2254

proceeding because he has a history of mental illness, "the [state court] record in this

case is substantial," and "the case is extremely complicated."  Docket No. 26, at 1, 2.

The Court notes initially that "[t]here is no constitutional right to counsel beyond

the direct appeal of a criminal conviction."  *Coronado v. Ward*, 517 F.3d 1212, 1218

(10th Cir. 2008).  Furthermore, decisions regarding appointment of counsel in habeas

corpus proceedings generally are "left to the court's discretion."  *Swazo v. Wyo. Dep't of*

*Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  "However, there is

a right to counsel in a habeas case when the district court determines that an

evidentiary hearing is required."  *Id.*  More specifically, Rule 8(c) of the Rules Governing

Section 2254 Cases in the United States District Courts provides that "[i]f an evidentiary

hearing is warranted, the judge must appoint an attorney to represent a petitioner who

qualifies to have counsel appointed under 18 U.S.C. § 3006A."

The Court has made no determination regarding whether an evidentiary hearing

is warranted in this action.  In fact, Respondents only recently have been ordered to file

an answer addressing the merits of Mr. Lucero's remaining claims and to submit the

state court record.  Therefore, Mr. Lucero is not entitled to appointment of counsel and

the Court exercises its discretion in considering his motion for appointment of counsel.

The Court is not persuaded that appointment of counsel is necessary or

appropriate at this stage of the proceedings.  Of most concern to the Court is Mr.

Lucero's assertion that he may require assistance of counsel to articulate his claims

because of his history of mental illness – schizophrenia.  However, Mr. Lucero does not explain in the motion how his mental illness will inhibit his ability to prosecute this action.  Furthermore, the Court has and will continue to construe Mr. Lucero's filings liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Furthermore, because the Court has determined that the appointment of counsel is not warranted at this time, Mr. Lucero's Request for Funds Per Criminal Justice Act [Docket No. 31] will be denied as premature.  As discussed above, the Request for Evidentiary Hearing [Docket No. 29] is also premature at this time.  Applicant has not yet filed his reply to the Respondents' Amended Answer.

Accordingly, it is

**ORDERED** that Applicant's Motion for Free Trial Transcripts [Docket No. 30] and Motion for Appointment of Counsel [Docket No. 26], filed on March 18, 2013, are DENIED for the reasons discussed in this Order.  It is further

**ORDERED** that Applicant's Motion for Enlargement of Time to File Traverse [Docket No. 28], filed on March 18, 2013, is GRANTED IN PART, as follows: Applicant shall file his Traverse **on or before May 3, 2013.**  No further extensions of time will be granted absent a showing of just cause.  It is further

**ORDERED** that Applicant's Motion for Discovery Per Habeas Rule 6 [Docket No. 27], Request for an Evidentiary Hearing [Docket No. 29], and Request for Funds Per Criminal Justice Act [Docket No. 31], filed on March 18, 2012, are DENIED as premature.

DATED March 21, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge