IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01919-PAB

ANTHONY J. LUCERO,

    Applicant,

v.

ANGEL MEDINA, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

**ORDER**

    Mr. Lucero filed an Application for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 on July 23, 2012. After reviewing the parties' briefing on the issues of timeliness and exhaustion of state court remedies, the Court dismissed several of the claims raised in the Application in a January 28, 2013 Order [Docket No. 19]. Respondents filed an amended answer to the remaining claims on February 20, 2013 [Docket No. 22]. The current deadline for Applicant to file his reply is May 3, 2013. *See* Docket No. 19 at 19.

    The matter before the Court at this time is Applicant's Motion to Reconsider Motion for Free Transcripts [Docket No. 33] filed on April 1, 2013.

    A district court has discretion to revise interlocutory orders prior to entry of final judgment. *Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir.1991) (noting that a motion for

reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment."); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir.1988) (citing Fed. R. Civ. P. 54(b)). The district court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. *See Raytheon Constructors Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003) (stating that "[t]he district court was incorrect to treat the plaintiff's motion for reconsideration [of an interlocutory order] under Rule 60(b) which only applies to final orders or judgments.").

On March 21, 2103, the Court denied Applicant's Motion for Free Trial Transcripts [Docket No. 30] because he failed to specifically identify how the transcripts would assist him in prosecuting one of his remaining claims for relief.

An applicant seeking relief under 28 U.S.C. § 2254 must demonstrate his claim is not frivolous and that a transcript is needed to decide the issue before a free transcript is provided. *See United States v. MacCollom*, 426 U.S. 317 (1976) (plurality) (dealing with a § 2255 motion and § 753(f)); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (applying *MacCollom* to a § 2254 action). An indigent § 2254 petitioner does not have a constitutional right to access a free transcript in order to search for error. *Ruark*, 958 F.2d at 319 (citing *Hines v. Barker,* 422 F.2d 1002, 1006-07 (10th Cir. 1970) (distinguishing *Wade v. Wilson,* 396 U.S. 282 (1970), where the Court declined to define a § 2254 applicant's right to a free transcript)).

In his motion to reconsider, Applicant states that he needs a copy of the state court transcripts so that he can accurately cite to the record in his traverse.  However, Petitioner fails to make a specific showing that any specific transcript is needed to rebut the state court's factual findings, which are presumed correct under 28 U.S.C. § 2254(d) with respect to any particular claim or issue.  The Court has received the state court record and will carefully review it before issuing an order on the § 2254 Application.  Accordingly, it is

**ORDERED** that Applicant's Motion to Reconsider Motion for Free Transcripts [Docket No. 33] filed on April 1, 2013, is DENIED.  It is further

**ORDERED** that Applicant shall file his Traverse on or before May 17, 2013.  No further extensions of time will be granted absent a showing of just cause.

DATED April 18, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge