**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Raymond P. Moore**

Civil Action No. 12-cv-01919-RM

ANTHONY J. LUCERO,

    Applicant,

v.

ANGEL MEDINA, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

**ORDER DENYING MOTION TO RECONSIDER**

---

Applicant Anthony J. Lucero, is serving a life sentence with the Colorado Department of Corrections (CDOC) based on his convictions in the Jefferson County, Colorado, District Court for felony murder and crime of violence.  This matter is before the Court on the "Motion to Alter or Amend Judgment and Request for Certificate of Appealability" [Doc. # 39], filed *pro se* by Applicant on June 12, 2013.   The Court must construe the June 12, 2013 motion liberally because Mr. Lucero is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court thus construes Mr. Lucero's "Motion to Alter or Amend Judgment" liberally as a motion to reconsider the Order Denying Application for a Writ of Habeas Corpus and Judgment entered on May 29, 2013.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Lucero's motion to reconsider pursuant to Fed. R. Civ. P. 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on May 29. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law. *Id.* at 1012. Upon review of the motion to reconsider and the entire file, the Court concludes that Mr. Lucero fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Lucero filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 asserting seven claims for relief (including sub-claims) challenging his state convictions and sentence. Some of the claims were dismissed in a January 28, 2013 Order, as procedurally barred or for failure to state a claim cognizable on federal habeas review. [Doc. # 19]. The remaining claims were dismissed on the merits pursuant to the deferential AEDPA standard of review set forth in 28 U.S.C.

§ 2254(d)(1) and (2). [Doc. # 37]. *See Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786 (2011) (recognizing that § 2254(d) imposes a standard that is "difficult to meet"); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (per curiam) (§ 2254(d) establishes a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (citation and internal quotation marks omitted). The reasons for the dismissal are explained in detail in the May 29 dismissal order. [*Id.*].

In his motion to reconsider, Mr. Lucero maintains that the Court failed to consider the arguments he raised in his Reply brief [Doc. # 34] before dismissing the Application. He also contends that the state appellate court decided his claims incorrectly, based on arguments that he raised or could have raised before the state courts. A Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.* Moreover, the federal habeas court's review of a petitioner's claims is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388, 1398 (2011). Upon consideration of the entire file, the Court finds and concludes that Mr. Lucero has not asserted any of the major grounds that would justify reconsideration in his case. *See Servants of the Paraclete*, 204 F.3d at 1012. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion to Alter or Amend Judgment and Request for Certificate of Appealability" [Doc. # 39], filed *pro se* by Applicant, Anthony J. Lucero, on June 12, 2013, and which the Court has construed as a motion to reconsider filed

pursuant to Fed. R. Civ. P. 59(e), is DENIED.  The request for a certificate of appealability is DENIED as moot pursuant to the May 29, 2013 Order [Doc. # 37].

DATED at Denver, Colorado, this 17th day of June, 2013.

BY THE COURT:

_____
Raymond P. Moore
United States District Court Judge